UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEVIN L.W., | ) |
| | ) |
| Plaintiff, | ) |
| | )  Case No. 18-CV-481-JED-JFJ |
| v. | ) |
| | ) |
| ANDREW M. SAUL,[1] Commissioner of the Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is the Report and Recommendation (R&R) of United States Magistrate Judge Jodi F. Jayne (Doc. 17), plaintiff's Objection (Doc. 18), and the defendant's response (Doc. 19). In the R&R, Judge Jayne recommends that the Court affirm the decision of the Commissioner of the Social Security Administration (Commissioner) denying the plaintiff disability benefits.

**I.  Standard of Review**

Pursuant to Fed. R. Civ. P. 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." The Court's task

---

[1]  Effective June 17, 2019, Andrew M. Saul became the Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Commissioner Saul is substituted as the defendant in this action.

of reviewing the Commissioner's decision involves determining "whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003).

## II.  Discussion

In his Objection, the plaintiff argues that the Administrative Law Judge (ALJ) erred at steps two, three, and five, and in the determination of plaintiff's residual functional capacity (RFC). (Doc. 18).  Each is addressed below.

### A.  Step Two

The plaintiff argues that Judge Jayne improperly engaged in post hoc analysis when she noted that the records cited by plaintiff for supporting low testosterone, pain, and headaches pre-dated the plaintiff's alleged disability onset date.  In addition, the plaintiff argues that it was not for Judge Jayne to comment that it was unclear whether low testosterone was a diagnosis made by an acceptable medical source.  The plaintiff further contends that the ALJ did not properly evaluate the evidence as a whole with respect to plaintiff's right knee impairment.

With respect to low testosterone, the ALJ did note the condition at step two, but found that it was not medically determinable. (Doc. 10 at 29 of 563).  The low testosterone medical finding was made by an advanced practice registered nurse.  (*See id.*; *see also id.* at 453 of 563).  The ALJ's determination is consistent with the applicable regulations.  *See* 20 C.F.R. § 416.921 (impairments must be shown "by objective medical evidence from an acceptable medical source"); *id.*, § 416.902(a)(7) (for claims filed prior to March 27, 2017,

advanced practice registered nurses are not acceptable medical sources), and the ALJ specifically referenced the content of those regulations. (*See* Doc. 10 at 29 of 563).

The plaintiff does not dispute that the records he cites for chronic pain and headaches all pre-dated the alleged onset date. In addition, plaintiff did not cite any records for the applicable time frame to support any functional limitations. The Court determines that there was no error with respect to those conditions. In any event, the "failure to find a particular impairment severe at step two is not reversible error when the ALJ finds that at least one other impairment is severe." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016).

Upon review of the record, the Court finds that the ALJ did not err at step two, and Judge Jayne's analysis was appropriate.

### B.     Step Three

The plaintiff's argument with respect to Step Three is bereft of any detail or analysis. The Court has reviewed the plaintiff's argument in the initial briefing, as well as the applicable portions of the R&R and ALJ's decision, and determines that there is no error. The ALJ's decision at step three is supported by substantial evidence and based upon proper legal standards.

### C.     RFC

The plaintiff argues that the ALJ did not sufficiently consider his non-severe impairment of hearing loss or problems with his hands. (*See* Doc. 18 at 4). The ALJ explained that there was a lack of evidence that plaintiff's hearing loss caused more than minimal limitations in basic work activities. (*See* Doc. 10 at 28-29 of 563). In the

3

consultative exams, it was noted that plaintiff "has 75% deafness in his right year [sic], by history," but the plaintiff's tympanic membranes were intact, and he had no hearing deficit to normal conversational voice. (Doc. 10 at 296 of 563).

With respect to the plaintiff's use of hands, the plaintiff has pointed to records from 2012 and 2015 relating to back issues. Those records do not establish a problem with his hands. Plaintiff cited his self-reports of hand numbness and pain, but he has not identified any records demonstrating any resulting functional limitations. During an examination in 2015, plaintiff was found to have full bilateral grip strength, strong and firm, and an ability to perform both gross and fine tactile manipulation. The ALJ did not err in devising the RFC without accounting for any hand problems.

The Court finds no error in the ALJ's RFC assessment.

**D.     Step Five**

The plaintiff alleges that the ALJ erred at step five by finding that plaintiff could perform sedentary jobs of semi-conductor bonder and touch-up screener. (Doc. 18 at 5-7). He also argues, without any specific analysis, that the ALJ's hypothetical question to the vocational expert did not match the final RFC. (Doc. 18 at 5-7). In initial briefing, plaintiff argued that the ALJ's hypothetical questions to the vocational expert did not include limitations for occasional use of foot pedals or occasional interaction with the public. (*See* Doc. 13 at 11). However, the jobs identified by the vocational expert did not include any task that would require the use of foot pedals or significant interaction with the public. *See* Dictionary of Occupational Titles (DOT) Nos. 726.684-110, 1991 WL 679616 (Touch-Up

Screener) and 726.685-066, 1991 WL 679631 (Semi-Conductor Bonder). Any alleged error in the ALJ's hypothetical question is harmless.

The plaintiff also contends that the vocational expert's testimony was unreliable, because she provided the incorrect DOT number for Touch-Up Screener. The vocational expert cited DOT 726.685-110, and the ALJ repeated that error, while the correct DOT number is 726.684-110. The Court agrees with Judge Jayne's determination that this does not constitute reversible error. The one-digit mistake did not otherwise impact the decision, because the ALJ correctly identified the position as sedentary and properly reproduced the vocational expert's testimony regarding the number of jobs for that position. The plaintiff has not explained how the one-digit mistake impacted the vocational expert's testimony or the ALJ's decision.

Plaintiff further alleges that he cannot carry tools while using a cane. But the medical record does not support plaintiff's claim that he needs a cane to walk. The consultative examiner in 2015 recorded an observation that plaintiff had a safe and stable gait and did not need a cane to walk normally. The plaintiff does not point to any objective evidence supporting a need to walk with a cane. It was not error for the ALJ to omit walking with a cane from his hypothetical question to the vocational expert.

The plaintiff's final argument relates to the number of jobs for the DOT jobs identified by the vocational expert. (Doc. 18 at 6). The plaintiff "again argues the jobs do [sic] exist in significant numbers either in combination or separately." (*Id.*). The ALJ found that, for the two jobs combined, 78,000 jobs were available in the national economy. The number of jobs presented no basis for reversal of the ALJ's decision because the Tenth

5

Circuit has not established a minimum number of jobs. The Tenth Circuit has "declined to 'draw a bright line establishing the number of jobs necessary to constitute a 'significant number.'" *Trimiar v. Sullivan*, 966 F.2d 1326, 1330 (10th Cir. 1992). The circuit has affirmed where 80,000 jobs were available. *See Jimison v. Colvin*, 513 F. App'x 789, 794 (10th Cir. 2013).

**III.   Conclusion**

The Court has found no error in the Commissioner's decision. The Commissioner's fact findings are supported by substantial record evidence, and the correct legal standards were applied. The Court **accepts** the R&R (Doc. 18) and affirms the decision of the Commissioner. A separate Judgment will be entered.

SO ORDERED this 3rd day of November, 2020.

JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT